STATE OF MISSOURI *ex rel.* EMORY S. FOSTER, Relator, *v.* FRANCIS RODMAN, Secretary of State, Respondent.

1. *Public Printer — Appendix — Price allowed.*—Under the twenty-first section of the act concerning the public printer (Gen. Stat. 1865, p. 148), the appendix to the journal of either house of the General Assembly constitutes a part of the journal; and although the greater part of the reports and public documents, incorporated in the appendix by virtue of that section, had already been printed in the journal, under the order of the two houses, or in pursuance of a law of the State requiring it to be done, yet the public printer would be entitled to charge separately for it, at the prices regulated by law. (State *ex rel.* Dyer v. Thompson, 41 Mo. 240, affirmed.)

*Ryland & Blodgett,* for relator.

*Jewitt,* for respondent.

FAGG, Judge, delivered the opinion of the court.

The application of the relator shows that, as the public printer of the State, duly elected and qualified, he did, in pursuance of the directions of a concurrent resolution of the twenty-fourth General Assembly, and in the manner required by law, print one thousand copies of the journals of each house composing the said Assembly; that the copies so printed, bound in the manner required, were by him delivered to the respondent, who accepted the same on behalf of the State, for distribution; that his accounts for said work were duly made out and presented to the respondent, to be certified to the State Auditor, as required by law, which was refused.

The petition is accompanied by a statement of the items contained in the accounts, and a peremptory mandamus prayed for, requiring the respondent to certify the same to the auditor for allowance. The return of the respondent admits all the averments in the application relating to the execution of the work. The whole question of the correctness of the accounts is, by the return, made to depend upon the construction of the law prescribing the duties of the public printer in relation to the printing of the journals and fixing the amount of his compensation therefor. It is stated that " the appendixes to the journals of the House and

State of Missouri ex rel. Foster v. Rodman.

Senate are made up of documents ordered to be printed by one or both houses, and of the reports of the different public officers made to the General Assembly."

The appendixes to the House and Senate journals (for the printing of which about three-fourths of the bill set up in the petition was and is made up) are composed of the same documents, except about one hundred and twenty-five pages. Upon an examination of the accounts, it will be seen that they have been made out strictly according to the rate of charges fixed by the eighteenth and twenty-first sections of chapter twenty of the General Statutes of 1865. These two sections regulate the prices of the printed matter in the journals, and also for the folding, stitching, and binding. In giving a construction to the twenty-first section, above referred to, this court held, at its last July term, in the case of The State *ex rel.* Dyer v. The State Auditor, that the appendix necessarily constituted a part of the journal, and that the secretary of the Senate was entitled to the same compensation for copies of the matter contained in the one as the other. By section twenty-eight of the same chapter, it is made the duty of the secretary of the Senate and chief clerk of the House of Representatives to furnish the public printer, every day during the session of the General Assembly, a copy of the journal of his house for the day preceding, till the whole shall be copied and delivered. The order of the two houses, therefore, for the printing of the specified copies of the journal of each, necessarily covered the matter contained in the appendix as well as the daily proceedings. The sixteenth section of the same chapter directs that "within ninety-five days after the adjournment of each session of the General Assembly, the public printer shall print and deliver to the Secretary of State such number of the copies of the journals of each house of the General Assembly as they may direct," etc. It will be seen by the return that the chief ground of objection to the accounts consists in the fact that the principal matter charged for in the appendixes had already been printed under the order of the two houses of the General Assembly, or in pursuance of a law of the State requiring it to be done. There is nothing in the facts presented that can authorize us to presume that the public documents were actually printed

State of Missouri ex rel. Foster v. Rodman.

at the same time with the appendixes, or that they were set up in such form that they could be included within it. The work may be the same, however, in every particular, yet it was executed upon separate orders, and the printer would be entitled to charge for it as such. Upon the facts here stated there seems to be no other conclusion but that they were executed at different times and upon different orders, and therefore constituted separate and distinct jobs, and should be charged and paid for accordingly. If the General Assembly at any time orders the printing of public documents disconnected from an order for the printing of its journals, and the work is executed as directed, it stands upon the ground of a separate contract for so much work, to be paid for at the prices regulated by law.

The printer would have no right to assume that any given number of the journals containing such documents, by way of an appendix, would be ordered by either house, and we are at a loss, as the law now stands, to see how his account could be made out in any other shape than the one in which it is presented. We are not at liberty to assume that the work here charged has already been paid for, and that by allowing the present account the public printer will receive double compensation for the same services. But if such be the fact, the fault, we think, is in the law itself, and can only be cured by the legislative power.

A peremptory mandamus is therefore ordered, requiring the Secretary of State to certify the accounts to the State Auditor as correct. The other judges concur.